**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 20-cv-20910**

**BIG LEAGUE VENTURES, LLC,**

    **PLAINTIFF,**

V.

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,**

    **DEFENDANTS.**                                /

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. 77MBR-3017 ("Underwriters"), pursuant to Fed. R. Civ. P 12(b)(1) and 12(b)(6), hereby serve their Motion to Dismiss Plaintiff's First Amended Complaint and state:

**INTRODUCTION**

1. This matter arises from Plaintiff's commercial property insurance claim for damage, reportedly sustained on October 4, 2017, due to a fire. [D.E. 11, at p. 5, ¶ 11].

2. Plaintiff's First Amended Complaint ("Complaint") attempts to plead a cause of action, for statutory bad faith, pursuant to Fla. Stat. §624.155. [D.E. 11, at Count I].

3. In its Civil Cover Sheet, Plaintiff asserts its demand for $750,000.00. [ D.E. 1-1].

4. Underwriters seek to dismiss Plaintiff's Complaint, because Plaintiff can neither plead, nor prove, the facts required to establish federal jurisdiction under 28 U.S.C. §1332; specifically, that the amount in controversy against each individual Name subscribing to the insurance policy at issue exceeds the $75,000.00 jurisdictional minimum required by U.S.C. §1332. *See* Declaration In Support of Defendants' Motion to Dismiss Plaintiff's Complaint, attached as **Exhibit "1."**

5. Although Plaintiff's Complaint should be dismissed on jurisdictional grounds, two additional bases warrant the dismissal of Plaintiff's Complaint.

6. In addition to lack of subject matter jurisdiction, Plaintiff's Complaint should be dismissed because Plaintiff has a virtually identical action against Underwriters pending in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, FL, under case number CACE 17-023567 (25) ("State Lawsuit"). *See* Plaintiff's First Amended Complaint in the State Lawsuit, dated July 25, 2019, attached as **Exhibit "2,"** at Count III.

7. On its face, the State Lawsuit is virtually identical to the case at bar. Further, all applicable factors weigh in favor of this Court's abstention. Thus, Plaintiff's Complaint should be dismissed on these grounds.

8. Finally, Plaintiff's Complaint should be dismissed as premature. Plaintiff has yet to obtain a final judgment in the underlying State Lawsuit and, consequently, the time for Underwriters to exercise their appellate rights in the State Lawsuit has yet to run. Accordingly, if not dismissed for lack of jurisdiction, Plaintiff's Complaint should be dismissed as premature.

9. In sum, Plaintiff's Complaint should be dismissed because: (a) this Court lacks subject matter jurisdiction; (b) the virtually identical State Lawsuit pending before Broward County's Circuit Court results in all applicable factors weighing in favor of this Court's abstention; and (c) Plaintiff has not obtained a final judgment in the State Lawsuit and the time for Underwriters to exercise their appellate rights in that action has yet to run.

## UNDISPUTED MATERIAL FACTS

10. Underwriters insured Plaintiff's commercial property, a rental apartment complex, located at 1231 NW 58th Terrace, Miami, FL 33142 ("property"), under commercial insurance policy number 77MBR-3017 ("policy"), during the one-year policy term commencing December

19, 2016, subject to the policy's terms, conditions, limitations, exclusions, and applicable deductibles. [ D.E. 11-1].

11. This matter arises from Plaintiff's insurance claim for fire damage, reportedly sustained on October 4, 2017. [D.E. 11, at p. 5, ¶ 11].

12. Plaintiff initiated the State Lawsuit on December 28, 2017. On January 31, 2018, Underwriters responded with Defendants' Motion to Compel Expedited Appraisal and Stay Litigation Pending Completion of Appraisal, which was granted on February 19, 2018.

13. Thereafter, litigation ensued in Florida's trial[1] and appellate[2] courts. Ultimately, the policy's binding appraisal process resulted in the entry of an Appraisal Award, on June 21, 2019, which Underwriters paid, on July 19, 2019. [D.E. 11-3].

14. Subsequently, on July 25, 2019, Plaintiff filed its First Amended Complaint in the State Lawsuit to add a third count, which is virtually identical to Count I of the case at bar. *See* **Exhibit "2,"** at Count III.[3]

15. The State Lawsuit remains pending and Plaintiff has yet to obtain a Final Judgment in that action; nonetheless, on February 29, 2020, Plaintiff initiated the instant lawsuit in which it attempts to plead a cause of action for statutory bad faith virtually identical to that pled in the State Lawsuit. [D.E. 1].

---

[1] *See* the State Lawsuit pending under Broward County Case No. CACE 17-023567 (25).

[2] *See Big League Ventures, LLC v. Certain Underwriters at Lloyd's*, 253 So.3d (600 Fla. 4th DCA 2018).

[3] The Appraisal Award did not address Plaintiff's claim for increased cost of construction/ordinance or law coverage. Thus, on October 14, 2019, Broward County's Circuit Court abated the State Lawsuit, pending Plaintiff's submission of its claim for increased cost of construction/ordinance or law coverage and the resolution of that claim through the appraisal process. *See* Broward Case No. CACE 17-023567 (25). Plaintiff then filed a Petition for Writ of Certiorari, which was denied by Florida's Fourth District Court of Appeal, on December 31, 2019. *See Big League Ventures, LLC v. Certain Underwriters at Lloyd's,* Case No. 4D19-3488 (Fla. 4th DCA Dec. 31, 2019).

16. On April 3, 2020, in response to this Court's Order to Show Cause [D.E. 10], Plaintiff served its First Amended Complaint, which attempts to plead the facts required to establish this Court's jurisdiction under 28 U.S.C. §1332. [D.E. 11].

17. Plaintiff's Complaint acknowledges the policy is underwritten with capital from five (5) syndicates; specifically, syndicates 2003, 2623, 0623, 2987, and 0318. [D.E. 11, at pp. 2-3, ¶6].

18. Plaintiff's Complaint also notes that syndicate 0623 bears 5.1429% of the policy's risk, while 9.5238% of the policy's risk is borne by syndicate 0318. [D.E. 11, at pp. 2-3, ¶6].

19. On the other hand, Plaintiff's Complaint neglects to acknowledge that, even if Plaintiff was found entitled to the entirety of the $750,000.00 demanded in its Civil Cover Sheet [D.E. 1-1], syndicates 0318 and 0623 would bear responsibility for only $71,428.50 (i.e., 9.5238% of $750,000.00) and $38,571.75 (i.e., 5.1429% of $750,000.00) of the total amount demanded, respectively. *See* **Exhibit "1,"** at p. 2, ¶8.

20. Additionally, Plaintiff's Complaint does not mention that: (a) 1,679 Names share the 5.1429% of the policy's risk borne by syndicate number 0623; and (b) 389 Names share the 9.5238% risk borne by syndicate number 0318. *See* Declaration In Support of Defendants' Motion to Dismiss Plaintiff's Complaint attached, hereto, as **Exhibit "1,"** at p. 2, ¶9.

21. Further, Plaintiff's Complaint is silent regarding the percentage of risk held by each Name sharing the risk held by syndicates 0623 and 0318 under the policy.

22. For syndicate 0623, the percentages of risk vary by Name, from 8.964124% to .000105%, while the percentages of risk held by the Names for syndicate 0318 vary from 91.198643% to .000213%. Based on Plaintiff's full demand of $750,000.00, the risks borne by

the Names on syndicate 0623 range from $3,457.62 to $.41, while the risks borne by the Names on syndicate 0318 range from $65,141.98 to $1.52. *See* **Exhibit "1,"** at p. 2, ¶¶11-12.

23. Accordingly, even if Plaintiff was found entitled to the entire $750,000.00 demanded in its Civil Cover Sheet, none of the Names sharing the risk held by syndicate 0623 and/or syndicate 0318 would bear responsibility for an amount equal to, or exceeding, $75,000.00. *See* **Exhibit "1,"** at p. 2, ¶13.[4]

## MEMORANDUM OF LAW

**I.      Standards for Motions to Dismiss brought under Fed. R. Civ. P. 12(b)(1) and (6)**

Motions attacking subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: (1) "Facial attacks" on the complaint, which require the court to determine whether plaintiff sufficiently alleged a basis of subject matter jurisdiction; and (2) "Factual attacks" challenging the existence of subject matter jurisdiction, irrespective of the pleadings. *MGC Communs., Inc. v. BellSouth Telecomms., Inc.*, 146 F. Supp. 2d 1344, 1349 (S.D. Fla. May 17, 2001); *citing Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953, 101 S. Ct. 358, 66 L. Ed. 2d 217 (1980). When evaluating "facial attacks," the Court must take the complaint's allegations as true; however, "factual attacks," allow the Court to consider matters outside the pleadings, such as testimony and affidavits.[5] *Id.* Moreover:

> On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion--the court must consider the allegations of the complaint to be true. But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual

---

[4] Taking this analysis one step further, Plaintiff's demand would need to exceed $112,000,000,000.00 before each Name subscribing to the policy could be liable to Plaintiff for an amount equal to, or exceeding, $75,000.00.

[5] "Under 28 U.S.C §1746, all matters that are permitted to be supported, evidenced, established, or proven by affidavit may, with like force and effect, be supported, evidenced, established, or proved by [an] unsworn declaration as long as the affiant subscribes to the statement under penalty of perjury. *Johnson v. Certain Underwriters at Lloyd's London*, 2009 U.S. Dist. LEXIS 131701, *6 (E.D. La. October 2, 2009).

> 12(b)(1) motion is the trial court's jurisdiction--its very power to hear the case--there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Id.* (Internal citations omitted.)

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that are, "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, a claim must be, "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although motions brought under Fed. R. Civ. P. 12(b)(6) primarily consider allegations in a complaint, a court's review of such motions is not always limited to a complaint's four corners. *Halmos v. Bomardier Aero. Corp.*, 404 Fed. Appx. 376, 377 (11th Cir. 2010) (Approving the district court's acknowledgement of facts drawn from the public record of a prior lawsuit when considering a 12(b)(6) motion to dismiss). "[A] district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Id*. This is because, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

**II.  Dismissal is warranted because Plaintiff's claim does not meet the amount in controversy required to establish this Court's subject matter jurisdiction under 28 U.S.C. §1332.**

Plaintiff's Complaint attempts to invoke this Court's diversity jurisdiction under 28 U.S.C. §1332. [D.E. 11, at p.1, ¶1]. "For federal diversity jurisdiction to attach, all parties must be completely diverse, and the amount in controversy must exceed $75,000." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010). (Internal citations omitted). As the party seeking to invoke the Court's jurisdiction, Plaintiff, "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Plaintiff has not, and cannot, meet this burden, because the amounts sought against various individual Names subscribing to the insurance policy at issue do not exceed the jurisdictional minimum required by 28 U.S.C. §1332. *See* **Exhibit "1,"** at p. 2, ¶¶8 and 13.

Understanding the nature and structure of those underwriting insurance in the Lloyd's marketplace is critical to evaluating the matter at hand. As a preliminary matter, "The Society of Lloyd's, London, is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Osting-Schwinn*, 613 F.3d at 1083. More specifically, "Lloyd's itself does not underwrite insurance. Rather, Lloyd's operates as a marketplace where large numbers of individual investors buy and sell insurance risks." *Humm v. Lombard World Trade*, 916 F. Supp. 291, 293 (S.D.N.Y. January 30, 1996). As to those underwriting insurance policies at Lloyd's, "These individual investors are referred to as 'underwriters' or 'Names,' and operate as members of syndicates, which are simply groups of Names that underwrite insurance coverage for an insured." *Chase Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 870, 872 (S.D. N.Y. November 2, 1995). (Internal citations omitted).

Simply put, "a policy holder insures at Lloyd's but not with Lloyd's." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 858 (5th Cir. 2003). Further, the U.S. District Court for the Eastern District of Louisiana previously explained:

> A typical Lloyd's policy has multiple Syndicates which collectively are responsible for 100 percent of the coverage provided by a policy. The syndicates themselves have been said to have no independent legal identity. Thus, a Syndicate is a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy. A Syndicate bears no liability for the risk on a Lloyd's policy. Rather all liability is born by the individual Names who belong to the various Syndicates that have subscribed to a policy…In sum, while an insured receives a Lloyd's "policy" of insurance, what he has in fact received are numerous contractual commitments from each Name who has agreed to subscribe to the risk.

*Team One Props., LLC v. Certain Underwriters at Lloyd's, London*, 2007 U.S. Dist. LEXIS 90912, 7-9 (E.D. La. December 10, 2007); *quoting Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 856 (5th Cir. 2003)*. Moreover, "There is no contractual relationship among members of a syndicate, between syndicates, or between the policyholder and a syndicate. Rather, the Policy is an insurance contract entered by the insured and the respective names." *Chase Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 870, 872 (S.D. N.Y. November 2, 1995). (Internal citations omitted). "Crucially, each Name's liability is several and not joint." *Osting-Schwinn*, 613 F.3d at 1083. "There can be a few to thousands of Names, each of whom subscribes to a small fraction of the insurance risk." *Humm v. Lombard World Trade*, 916 F. Supp. 291, 293 (S.D.N.Y. January 30, 1996). "Thus, the legal relationship between the Names and the insured is a vertical one: it is the individual Names, not the syndicate, who are directly liable in the event of loss, as if each Name had a contract with the Insured." *Osting-Schwinn*, 613 F.3d at 1083-1084.

Given the nature of insurance underwriting at Lloyd's and, consequentially, the policy at issue, Plaintiff cannot establish this Court's jurisdiction under 28 U.S.C. §1332 without proving by a preponderance of the evidence that its claim against each name subscribing to the subject policy equals or exceeds $75,000.00.[6]  The Eleventh Circuit Court of Appeals lacked the information needed to decide this specific issue in *Osting-Schwinn,* because it did not know the exact composition of the subscribing syndicates or the amount of the subject policy's risk assumed by any one Name.[7]  *Osting-Schwinn*, 613 F.3d at 1093, n.7.  Fortunately, this Court is not so constrained, since it has the information needed to address this jurisdictional issue.  *See* **Exhibit "1."**  Further, guidance for this Court's evaluation can also be gleaned from the decisions rendered by the other jurisdictions that previously considered this issue.  More specifically, the Court of Appeals for the Second Circuit, as well as the District Courts for the Southern District of New York, Eastern District of Louisiana, and Northern District of Illinois, have all acknowledged the lack of subject matter jurisdiction that can arise in a diversity action if the amount in controversy required by 28 U.S.C. §1332 is not met for the individual Names subscribing to the insurance policy in question.  *See E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F. 3d 925, 933 (2nd Cir. 1998) (Noting, as severally liable defendants, each Name would still have to satisfy the jurisdictional minimum required by 28 U.S.C. §1332); *Chase*

---

[6] Defendants note that Plaintiff is not permitted to aggregate its claims against individual defendants to meet the amount in controversy required to establish jurisdiction under 28 U.S.C. §1332; in fact, "Aggregation to achieve diversity jurisdiction is barred when the liability of the defendants is several and not joint." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F. 3d 925, 933 (2nd Cir. 1998); *citing Walter v. Northeastern R.R. Co.,* 147 U.S. 370, 373-374 (1893).  Plaintiff cannot aggregate its claims, "merely because the claims are derived from a single instrument." *Chase Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 870, 875 (S.D. N.Y. November 2, 1995); *quoting Thomson v. Gaskill,* 315 U.S. 442, 447 (1942).  "As a result, each and every severally liable defendant must, in the normal course of things, meet the amount in controversy." *E.R. Squibb,* 160 F. 3d at 933.

[7] Nonetheless, the Eleventh Circuit acknowledged the importance of this jurisdictional issue and remanded the case with its recommendation for the district court to consider whether the plaintiffs met the amount in controversy requirements under 28 U.S.C. §1332. *Osting-Schwinn*, 613 F.3d at 1093.

*Manhattan Bank, N.A. v. Aldridge*, 906 F. Supp. 870, 876 (S.D.N.Y. November 2, 1995) (Dismissing for lack of subject matter jurisdiction where no claim against individual Names could satisfy the jurisdictional amount requirement of 28 U.S.C. §1332); *Humm v. Lombard World Trade*, 916 F. Supp. 291, 299 (S.D.N.Y. January 30, 1996) (Dismissed for lacking subject matter jurisdiction, because aggregation of claims against severally liable Names is impermissible and, consequentially, the requisite amount in controversy was not met under 28 U.S.C. §1332); *McAuslin v. Grinnell Corp.,* 2000 U.S. Dist. LEXIS 11378, *32 (E.D. La. August 1, 2000) ("By its terms, section 1332(a) requires the matter in controversy to exceed the sum or value of $75,000, and nothing in the language of the statute suggests that the foreign Names are except from individually satisfying this requirement."); *Team One Props., LLC v. Certain Underwriters at Lloyd's, London*, 2007 U.S. Dist. LEXIS 90912, *11 (E.D. La. December 10, 2007) (Dismissed for lacking subject matter jurisdiction where it was, "inconceivable that the jurisdictional minimum could be satisfied against the more than 4,000 Names that have underwritten the policy in question."); *Rips, LLC v. Underwriters at Lloyd's London*, 2015 U.S. Dist. LEXIS 66594 (E.D. La. May 21, 2015) (Finding subject matter jurisdiction lacking under 28 U.S.C. §1332, because claims against individual Names cannot be aggregated and the complaint did not plead that the $75,000 jurisdictional minimum was met for each Name); *International Ins. Co. v. Certain Underwriters at Lloyd's London*, 1991 U.S. Dist. LEXIS 12937, *26 at n.4 (N.D. Ill. Sept. 16, 1991) ("If the syndicates are not to be treated as entities, IIC's claim against *each* syndicate member must meet the minimum jurisdictional amount, $10,000 at the time suit was filed.")

The most recent decision on this issue was rendered by the District Court for the Eastern District of Louisiana, in *Rips, LLC v. Underwriters at Lloyd's London*, 2015 U.S. Dist. LEXIS

66594 (E.D. La. May 21, 2015). As in the case at bar, the *Rips* court was faced with the defendants' motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(1), which contended the plaintiff failed to sufficiently allege diversity and that the jurisdictional minimum required by 28 U.S.C. §1332 was met for each individual Name subscribing to the applicable insurance policy. The *Rips* court, acknowledging the principles discussed in *Corfield*, as well as the decisions issued in *McAuslin, Team One, E.R. Squibb, and Chase Manhattan,* found that the plaintiff, "may not aggregate its claims against individual Names, and therefore must plead that the $75,000 jurisdictional amount is met for *each* Name." *Rips, LLC* 2015 U.S. Dist. LEXIS 66594 at 7. Such is the case presently before this Court.

As in *Rips*, the Plaintiff in the case at bar has not, and cannot, establish that its claims against each individual Name subscribing to the policy equals, or exceeds, the $75,000.00 minimum required to invoke this Court's diversity jurisdiction under 28 U.S.C. §1332. This is because the clear, unambiguous, and undisputed facts outlined in **Exhibit "1,"** confirm that, even if Plaintiff was found entitled to the entire $750,000.00 demanded in its Civil Cover Sheet, none of the Names sharing the risk held by syndicate 0623 and/or syndicate 0318 would bear responsibility for an amount equal to, or exceeding, $75,000.00. *See* **Exhibit "1,"** at p. 2, ¶13. In fact, the applicable calculations reveal that Plaintiff's demand would need to exceed $112,000,000,000.00 before each subscribing Name could be liable to Plaintiff for an amount equal to, or exceeding, the jurisdictional minimum required to establish this Court's diversity jurisdiction under 28 U.S.C. §1332. Accordingly, based on the circumstances presented and the authorities referenced herein, Plaintiff has not, and cannot, establish this Court's diversity jurisdiction under 28 U.S.C. §1332; therefore, the instant lawsuit should be dismissed.

**III.** **Dismissal is also warranted because: (a) the virtually identical State Lawsuit pending in Broward County's Circuit Court causes all applicable factors to weigh in favor of this Court's abstention; and/or (b) Plaintiff's action for statutory bad faith, is premature, since Plaintiff has not obtained a final judgment in its underlying action, for breach of contract, and the time for Underwriters to exercise their appellate rights in the underlying action has not expired.**

If not dismissed on jurisdictional grounds, Plaintiff's Complaint should be dismissed because all applicable factors weigh in favor of this Court's abstention. As noted, above, Plaintiff has a virtually identical action pending in the State Lawsuit. *See* **Exhibit "2,"** at Count III. The Southern District has previously acknowledged that:

> Abstention may be considered when federal and state proceedings involve substantially the same parties and substantially the same issues…A court must analyze the following factors when determining whether to abstain: (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the forums obtained jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights…No one factor is determinative, and the weight to be given to the factors varies from case to case.

*Trugillo v. Wet Pleasures, Inc.*, 2019 U.S. Dist. LEXIS 33950, *4-5 (S.D. FL. March 1, 2019); *quoting Ambrosia Coal & Constr. Co. v. Pages Morales,* 368 F.3d 1320, 1329-30 (11th Cir. 2004). In *Trugillo*, Judge Rosenberg dismissed the amended complaint filed by one of the two plaintiffs, because factors three (3) through six (6) weighed in favor of abstention. The same findings that led to the *Trugillo* decision apply to the case at bar. For the same reasons explained in *Trugillo*, factors one (1) and two (2) are inapplicable to the instant case. Similarly, as in *Trugillo*, consideration of the third factor suggests that simultaneous federal and state proceedings will result in piecemeal litigation; particularly, since the State Lawsuit and this matter involve the same parties, issues, allegations, and relief sought. Thus the third factor weighs in favor of abstention. As to the fourth factor, Broward County's Circuit Court

previously obtained and exercised jurisdiction before the instant lawsuit was filed; thus, as in *Trugillo*, the fourth factor favors abstention. Next, the fifth factor concerning whether state or federal law will be applied also favors abstention; particularly when Plaintiff's Complaint is attempting to allege a cause of action based on Fla. Stat. §624.155. Finally, turning to the sixth factor, there should be little doubt that Broward County's Circuit Court can adequately protect Plaintiff's rights and is fully capable of resolving Plaintiff's claims, the underlying facts of which have been pending before the Circuit Court since the end of 2017. *See* Broward County Case No. CACE 17-023567 (25). As such, the sixth factor also favors abstention. Accordingly, based on the same analysis applied in *Trugillo*, the applicable factors weigh in favor of abstention, thus warranting the dismissal of Plaintiff's Complaint.

Lastly, should this Court decline to dismiss Plaintiff's Complaint on jurisdictional grounds, and/or in favor of abstention, it should dismiss this lawsuit as premature. Plaintiff's litigation of its underlying breach of contract action is ongoing, in Broward County's Circuit Court; thus, Plaintiff has yet to obtain a Final Judgment in that action and, consequently, Defendants' appellate rights in that action have yet to expire. *See* Broward County Case No. CACE 17-023567 (25). Further, the sole cause of action Plaintiff's Complaint attempts to allege is one for statutory bad faith, pursuant to Fla. Stat. §624.155. When presented with similar circumstances, the Southern District has explained,

> Given that bad faith is the only claim in Plaintiff's Complaint, the Court finds dismissal without prejudice to be appropriate here, especially considering the distinct possibility that Plaintiff's bad faith claim may never mature if the judgment in the underlying action is vacated or reversed on appeal.

*Leistein v. QBE Ins. Corp*, 609 F. Supp. 2d 1311, 1312 (S.D. FL. 2009); *citing United Auto Ins. Co. v. Tienna,* 780 So.2d 1010, 1011 n.4 (Fla. 4th DCA 2001). Accordingly, based on the same rationale applied in *Leistein*, Plaintiff's Complaint should be dismissed as premature.

## CONCLUSION

None of the names sharing in the percentages of the policy's risk held by syndicates 0623 and 0318 could be liable to Plaintiff for an amount equal to, or exceeding, $75,000.00. Considering the minimal percentages held by various names sharing the risk borne by syndicates 0623 and 0318, Plaintiff's demand would need to increase by over $112,000,000,000 before all of the policy's subscribing names could be potentially liable to Plaintiff for an amount equal to, or exceeding, $75,000.00. Accordingly, Plaintiff has not, and cannot, plead the facts required to establish this Court's jurisdiction under 28 U.S.C. §1332; therefore, Plaintiff's Complaint should be dismissed on these jurisdictional grounds, alone. Nonetheless, if Plaintiff's Complaint is not dismissed for a lack of subject matter jurisdiction, its dismissal is also warranted by: (1) the virtually identical State Lawsuit causing all relevant factors to weigh in favor of this Court's abstention; and (2) the fact that the absence of a final judgment entered in Plaintiff's favor in its underlying action for breach of contract renders Plaintiff's Complaint premature. Thus, Plaintiff's Complaint should be dismissed on either, or both, of these grounds, as well.

**WHEREFORE**, Defendants, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. 77MBR-3017, respectfully request this Court enter an Order granting Defendants' Motion to Dismiss Plaintiff's Complaint and awarding Defendants any further relief deemed just and proper.

### CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

/s/ Illon R. Kantro
Attorney Name

Respectfully submitted,

**BERK, MERCHANT & SIMS, PLC**

/s/ Illon R. Kantro
William S. Berk / FBN: 349828
Illon R. Kantro / FBN: 26296
Austin J. North / FBN: 111683
2 Alhambra Plaza, Suite 700
Coral Gables, Florida 33134
Telephone:   (786) 338-2900
Facsimile:   (786) 338-2888
E-Mail:   wberk@berklawfirm.com
         ikantro@berklawfirm.com
         lspaulding@berklawfirm.com
         anorth@berklawfirm.com
         kmendez@berklawfirm.com

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**JOSE P. FONT / FBN:** 0738719
**ADAM M. FRIEDMAN / FBN:** 0099408
**FONT & NELSON, PLLC**
Attorney for Plaintiff
200 South Andrews Ave., Suite 501,
Ft. Lauderdale, Florida 33301
Tel: (954) 248-2920/ Fax: (954) 248-2134
Email: pleadings@fontnelson.com

/s/ Illon R. Kantro